IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHRISTIAN OLSEN,

        Petitioner,                          No. 2:04-cv-00640-ALA

        vs.

KATHY PROSPER, Warden, et al.,        <u>ORDER</u>

        Respondents.

                                 /

Petitioner, a state prisoner proceeding *pro se*, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 on May 30, 2004. In 2001, Petitioner was sentenced to nine years eight months in two separate cases. In each, he was convicted of possessing and manufacturing methamphetamine, and being armed with a firearm during the commission of each offense. After being released on parole in 2004, Petitioner reoffended again in 2005, and his parole was revoked. Petitioner is currently incarcerated on a new and separate conviction. The sentence underlying his habeas corpus petition has expired.[1] As set forth below, Petitioner's

---

[1] Petitioner's expired sentence does not moot his petition for habeas relief because he filed his petition while in custody, and challenges his conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("An incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case or controversy requirement."); *Chaker v. Crogan,* 428 F.3d 1215, 1219 (9th Cir. 2005) (There is "[a]n irrefutable presumption that collateral consequences result from any criminal conviction.").

application is denied.

**I**

On June 8, 2000, in *People v. Olsen*, No. 99F09199, in the Sacramento County Superior Court ("*Olsen I*"), Petitioner pled *nolo contendere* to one count of manufacture of methamphetamine, one count of possession of methamphetamine for sale. He also admitted to being personally armed with a firearm in the commission of each offense. Petitioner pled *nolo contendere* pursuant to a plea bargain that limited his sentence to a maximum of six years. The following colloquy with the sentencing court took place when Petitioner entered his plea in *Olsen I*:

> COURT: You are facing a maximum of 12 years in state prison. I am going to send you to state prison for six years. Do you understand that?
>
> PETITIONER: Yes, I do.

RT. at 4. The state trial court then informed Petitioner of the possibility of being committed to the California Rehabilitation Center ("CRC"):

> COURT: Should the Court require additional information, your case could be referred to the Deuel Vocational Institution at Tracy, where you could be confined for a 90 day diagnostic study. Do you understand that?
>
> PETITIONER: Yes.
>
> * * *
>
> COURT: Should the Court decide that you are a narcotics addict, and you are eligible, or in imminent danger of becoming one, you could be committed to the California Rehabilitation Center for their treatment, and be under their custody and control for up to six years. Do you understand that?
>
> PETITIONER: Yes, I do.

RT. at 5-6. The sentencing court further confirmed that other promises were not made to him, in exchange for his plea of *nolo contendere*. The record shows the following colloquy:

1    COURT: Have any promises been made causing you to enter this plea that have
2    not been mentioned here today in open court?
3    PETITIONER: No, sir.
4 RT. at 7.
5    On September 28, 2000, Petitioner was charged in *People v. Olsen*, No. 00F05368
6 ("*Olsen II*"), with one count of manufacture of methamphetamine and one count of
7 transportation of methamphetamine. He was also charged with having committed these offenses
8 while on bail in a pending felony matter and for having suffered the two prior drug convictions
9 alleged in *Olsen I*.
10   On December 19, 2000, prior to resolution of *Olsen II*, Petitioner was sentenced
11 in *Olsen I* to six years in state prison. The state trial court informed him that a CRC commitment
12 was a possibility should he be acquitted of the charges in *Olsen II*. The exchange between
13 Petitioner and the court concerning his sentence was as follows:
14   DEFENSE: Yes, Your Honor. [. . .] We request the appointment of a physician
15   because Mr. Olsen is clearly, in my opinion, addicted to methamphetamine and is eligible
16   for CRC.
17   COURT: I will wait for — I will let the sentencing trail. If he survives the other
18   thing, I will recommend CRC if he is eligible.
19   DEFENSE: Did you say you would let the sentencing trail?
20   COURT: No, I am going to sentence him today, but, at the end of his trial, if he
21   wins on that so he is not ineligible, I am willing to rethink this CRC.
22 RT. at 153.
23   In *Olsen II*, Petitioner entered into a plea bargain which provided that he would
24 receive a sentence of three years eight months, to run consecutively to the six-year term already
25 imposed in *Olsen I*. In exchange, Petitioner entered a plea of *nolo contendere* to manufacturing
26 methamphetamine. He also agreed to a sentence enhancement under section 12022.1 of the

3

California Penal Code for committing a felony while on bail, and under section 11370.2 of the California Health and Safety Code for having prior drug convictions.

On March 19, 2001, in *Olsen I*, the court resentenced defendant to the six-year term. In *Olsen II*, the court struck the prior conviction allegations and imposed a consecutive term of three years eight months for the manufacture of methamphetamine and the on-bail enhancement.

Petitioner filed a timely district appeal from *Olsen II*. The California Court of Appeal for the Third Appellate District consolidated the appeals in *Olsen I* and *Olsen II*. Petitioner's appointed appellate counsel filed a *Wende* brief,[2] in which she raised no issues but requested that the appellate court conduct an independent examination of the record. Petitioner did not file a supplemental brief, even though his appellate counsel advised him of his right to do so. The California Court of Appeal affirmed Petitioner's conviction and sentence, modifying only the judgment's imposition of fees and fines.

In 2003, Petitioner sought habeas relief from his prison sentence, which the Sacramento County Superior Court denied, and the California Supreme Court affirmed without comment.

---

[2] Appointed appellate counsel can file a brief in which he or she asserts that there are no arguable issues, and that the appeal is frivolous. *People v. Wende*, 25 Cal.3d 436, 440-42 (Cal. 1979). This brief "raises no specific issues." *Id*. Counsel is required only to include a statement of the facts and applicable law. *Id.* Upon receipt of the brief, the appellate court is required "to conduct a review of the entire record." *Id*.

**II**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), Antiterrorism and Effective Death Penalty Act ("AEDPA").

Under § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court, however, "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

A federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal

5

court must independently review the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Here, this court will review the Sacramento County Superior Court's decision as the last reasoned state court opinion.

### III

Petitioner sets forth two grounds for habeas relief. First, Petitioner argues that the sentencing court committed prejudicial errors in sentencing him to prison instead of CRC. Second, Petitioner asserts that he was denied effective assistance of appellate counsel. As set forth below, both arguments fail.

### A

Petitioner alleges the trial court committed four prejudicial errors in violation of his Fourteenth Amendment rights.

### 1

First, Petitioner contends that his plea of *nolo contendere* was involuntary because the trial court failed to honor his plea agreement when it imposed a prison sentence instead of a commitment to CRC. Pet. at 9. He argues that his lawyer assured him that he would get a commitment to CRC, but instead, the court sentenced him to six years in prison. *Id.*

"Under California law, a plea of *nolo contendere* ordinarily has the same legal effect as a plea of guilty. We thus apply the federal law governing the reception of guilty pleas in state courts to [a petitioner's] plea of *nolo contendere*." *Miller v. McCarthy*, 607 F.2d 854, 856 (9th Cir. 1979) (internal citations omitted).

A guilty plea must be intelligent and voluntary. *Brady v. United States*, 397 U.S. 742, 748 (1970). Plea agreements are consistent with the requirements of voluntariness and intelligence. *Corbitt v. New Jersey*, 439 U.S. 212, 219-20, 222-23 (1978). To meet these requirements, a defendant must be fully aware of the plea's direct consequences, including the "'range of allowable punishment' that will result from his plea." *Torrey v. Estelle*, 842 F.2d 234,

6

235 (9th Cir. 1988) (citation omitted). The defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In determining whether a plea agreement has been honored, we look to what the defendant reasonably understood when he entered his guilty plea. *United States v. Clark*, 781 F.2d 730, 731 (9th Cir. 1986). "If disputed, the terms of the agreement will be determined by objective standards . . . [and] [t]he government will be held to 'the literal terms of the agreement.'" *Id.* (citations omitted).

        The record does not support Petitioner's argument. At the time of his plea, the sentencing court informed Petitioner that he faced a six-year prison term as a direct consequence of his plea. RT. at 4-5. Moreover, the court clearly informed Petitioner that a commitment to a rehabilitation program was only a possibility to be considered if he were to be found innocent in the subsequent trial. RT. at 4-6. Further, Petitioner informed the state court at the plea proceedings that no other promises were made to him in exchange for the plea. RT. at 7. Petitioner declared in court that he understood that he was subject to a six-year sentence. His declaration carries a strong presumption of veracity. *See Blackledge*, 431 U.S. at 74 ( "Solemn declarations in open court carry a strong presumption of verity."). Thus, Petitioner was fully aware of the direct consequences of his plea, and he could not have reasonably understood that he was promised commitment to rehabilitation instead of a prison sentence.

**2**

        Second, Petitioner alleges the trial court committed prejudicial error by predetermining his guilt in *Olsen II* when deciding to sentence him to prison rather than a drug rehabilitation program in *Olsen I*. The transcript belies this contention. At the sentencing hearing, the trial court repeatedly stated that Petitioner would be ineligible for CRC if he was found guilty in *Olsen II*. RT. at 153, 162-64. After the court gave him this admonishment, Petitioner pled guilty in *Olsen II*. Thus, Petitioner himself, and not the sentencing court,

determined his guilt in *Olsen II*. The sentencing court, therefore, did not commit prejudicial error in sentencing him to prison.

**3**

Petitioner sets forth two more arguments, each challenging the application of state law. First, Petitioner challenges the sentencing court's denial of a medical examination under section 3051 of the California Welfare and Institutions Code.[3] He contends that a doctor would have supported his claim that he was under the influence of drugs when he accepted his plea agreement, and that the plea was, therefore, involuntary. Pet. at 15. Second, Petitioner argues that the sentencing court violated his due process rights when it accepted his admission to a gun enhancement under section 12022(c) of the California Penal Code[4] without factually justifying the sentence beyond a reasonable doubt. Pet. at 18.

A federal writ of habeas corpus is not available to a state prisoner for alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991) ("[T]he province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993) (federal courts are "bound by a state court's construction of its own penal statutes"). Both of Petitioner's arguments allege the application of state law, and,

---

[3] Section 3051 of the California Welfare and Institutions Code provides, in relevant part: "Upon conviction of a defendant for a felony . . . if it appears to the judge that the defendant may be addicted . . . in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section. Upon the filing of the petition, the court shall order the defendant to be examined by one physician."

[4] Section 12022 (c) of the California Penal Code provides that: "Notwithstanding the enhancement set forth in subdivision (a), any person who is personally armed with a firearm in the commission of a violation or attempted violation of Section 11351, 11351.5, 11352, 11366.5, 11366.6, 11378, 11378.5, 11379, 11379.5, or 11379.6 of the Health and Safety Code, shall be punished by an additional and consecutive term of imprisonment in the state prison for three, four, or five years." Cal. Penal Code § 12022 (c).

8

therefore, are not cognizable in a federal habeas petition. *Estelle*, 502 U.S. at 67.

Moreover, Petitioner's attempt to invoke federal constitutional violations from his state law claims also fails. Petitioner may not "transform a state law issue into a federal one merely be asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Habeas corpus relief for an asserted due process violation is available only where the state court's action is arbitrary or fundamentally unfair. *Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S. 1026 (1982). There was nothing fundamentally unfair in denying Petitioner a medical examination,[5] nor convicting him for an enhancement for which he pled guilty.[6] Furthermore, no United States Supreme Court precedent holds that either of Petitioner's allegations constitute a violation of the United States Constitution as required by AEDPA.

Thus, the California Supreme Court's denial of Petitioner's allegations of the sentencing court's prejudicial error was not contrary to or an unreasonable application of United States Supreme Court precedent. *Id.* Accordingly, Petitioner has failed to sustain his burden of demonstrating entitlement to federal habeas corpus relief on this ground.

**B**

Petitioner makes four arguments alleging that he was denied effective assistance of appellate and trial counsel.

The United States Supreme Court set forth the test for demonstrating ineffective

---

[5] On review of the habeas petition, the Sacramento County Superior Court found that Petitioner's guilty plea in *Olsen II* resulted in an aggregate sentence that exceeded six years, rendering him ineligible for CRC commitment under section 3052 of California Welfare and Institutions Code. Thus, "even if he had been examined by a physician in [*Olsen I*], as soon as he was sentenced again due to the second case, the CRC commitment would have been terminated and he would have been sent to state prison." Sacramento County Super. Ct. Op. at 4 (Answer, Ex. C).

[6] A defendant's guilty plea waives the right to a jury trial, to confront one's accusers, to compel the attendance of witnesses, and generally to challenge the evidence that he committed the offense. *See, e.g. Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("A plea of guilty . . . is itself a conviction.").

assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). "Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice." *Id.* "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (citation omitted). Under *Strickland*, Petitioner's entitlement to habeas relief "turns on showing that the state court's resolution of his claim of ineffective assistance of counsel . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (citing *Strickland*, 466 U.S. at 702 and quoting 28 U.S.C. § 2254(d)(1)).

**1**

First, Petitioner contends that, in violation of his Sixth Amendment rights, his appellate counsel failed to research and prepare a proper appeal. Pet. at 21-24. He argues that appellate counsel was ineffective because she merely filed a *Wende* brief. Petitioner contends that "[a]t the very least appellate counsel had an obligation to inform the court of petitioner's concern's [sic] regarding the plea and sentencing processes." Traverse at 11. He contends that appellate counsel should have conducted her own investigation and provided the court with direction as to what issues to consider. *Id.*

An ineffective assistance claim based on appellate counsel's filing of a *Wende* brief is reviewed under the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional obligation to raise every nonfrivolous issue requested by the defendant. *Jones v. Barnes*, 463 U.S. 745, 751(1983); *see also Gustave v. United States*, 627 F.2d 901, 906 (9th Cir. 1980) (counsel need not appeal every possible question of law at the risk of being found ineffective). Moreover, counsel "must be allowed to decide what issues are to be pressed." *Jones*, 463 U.S. at 751. Otherwise, the ability of counsel to present the client's case in

accord with counsel's professional evaluation would be "seriously undermined." *Id.* Thus, counsel is not deficient for failing to raise a weak issue. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). In order to demonstrate prejudice in this context, Petitioner must show that, but for appellate counsel's errors, he would have prevailed on appeal. *Id.* at 1434 n.9.

Petitioner has not established that his appellate counsel's performance was deficient. The United States Supreme Court has held that California's *Wende* procedure provides a criminal appellant an adequate and effective direct appeal:

> California's *Wende* procedure is not unconstitutional [,] . . . it provides a criminal appellant pursuing a first appeal as of right [the] minimum safeguards necessary to make that appeal adequate and effective . . . . We think the *Wende* procedure reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal.

*Smith v. Robbins*, 528 U.S. 259, 276-79. Petitioner's appellate counsel submitted the record and applicable law in compliance with *Wende*. Opening Br. at 1-6 (Answer, Ex. A). Furthermore, the record indicates that appellate counsel reviewed the entire record, and advised Petitioner to file a supplemental brief to bring to the court's attention any issues Petitioner believed deserved review. *Id.* at 6. However, Petitioner did not file any supplemental appellate brief. Cal. Crt. Appeal Op. at 3 (Answer, Ex. B). In addition, because neither of Petitioner's grounds for habeas corpus relief herein are meritorious, he has failed to show that appellate counsel's failure to raise these nonfrivolous issues on appeal was prejudicial. Accordingly, appellate counsel's representation did not constitute ineffective assistance.

**2**

Next, Petitioner asserts that his appellate counsel did not investigate his complaint alleging ineffective assistance of his trial counsel. Pet. at 24. Specifically, Petitioner alleges three contentions involving his trial counsel.

First, Petitioner contends his trial counsel wrongly advised him to admit the gun enhancement[7] under section 12022(c) of the California Penal Code. Pet. at 28. He argues, that he pled guilty only because he thought he would be committed to CRC. Petitioner contends that had he been properly advised, he would have "elected to exercise his right to challenge the gun enhancement[,] which may or may not have [led] to a more favorable plea offer." Pet. at 28.[8]

Petitioner's challenge fails because his counsel's advice to plead guilty was not objectively unreasonable. *See Strickland*, 466 U.S. at 689 ("There is a strong presumption that counsel's performance falls within the wide range of professional assistance."). In exchange for his guilty plea in *Olsen I*, Petitioner was sentenced to only six years in prison, instead of the twelve year maximum. As the Sacramento County Superior Court reasoned, "Petitioner's main problem here is that he pleaded guilty. . . in [*Olsen I*], and while he was released from custody pending sentencing in that case, he again [reoffended], resulting in the second case, and any chance he might have had at obtaining a CRC commitment." Sacramento County Super. Ct. Op. at 4 (Answer, Ex. C).  Thus, a CRC commitment was still possible at the time Petitioner's counsel advised him to plead guilty in *Olsen I*. Therefore, Petitioner's trial counsel was not ineffective in advising Petitioner to plead guilty.

Second, Petitioner contends that his trial counsel failed to withdraw Petitioner's plea "after learning that the court was not going to honor the terms of Petitioner's plea

---

[7]*See supra*, Section III. A. Whether Petitioner committed the gun enhancement, concerns an application of state law which this Court cannot address in a habeas corpus petition. *Estelle*, 502 U.S. at 67.

[8]This argument seems to be another flawed attack on his gun enhancement and plea bargain, addressed *supra*, Section III. A.

12

agreement." Pet. at 25. As discussed *supra*, Section III.A, Petitioner's contention that the sentencing court did not honor the terms of the plea agreement, and that he was promised a CRC commitment in exchange for his guilty plea, is without merit. The record reflects no promise of a CRC commitment to Petitioner. Because Petitioner has not shown that any party breached a term of the plea agreement, his trial counsel was not deficient in failing to withdraw Petitioner's guilty plea.

Third, Petitioner contends that his trial counsel did not properly investigate Petitioner's mental problems before advising Petitioner to plead guilty. Pet. at 25. Again, the record does not support Petitioner's argument. The record shows that trial counsel was not only aware of Petitioner's drug addiction, but in the Petitioner's best interests, sought a commitment to CRC instead of a prison. RT. at 153. Moreover, Petitioner has not shown any prejudice, or that his counsel could have uncovered anything further about his mental state that would have led his counsel to give him different advice.

Thus, because Petitioner's trial counsel did not render ineffective assistance of counsel, his appellate counsel's alleged failure to investigate trial counsel's effectiveness was not ineffective assistance. *See Strickland*, 466 U.S. at 687 (ineffective assistance requires that counsel's deficient performance prejudice a petitioner's defense).

**3**

Petitioner also contends that appellate counsel provided ineffective assistance in failing to investigate alleged prosecutorial misconduct. Pet. at 29-31. He argues that the prosecutor, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), withheld exculpatory Supreme Court precedent concerning his admission to the gun enhancement pursuant to California Penal Code 12022(c). *See Brady*, 373 U.S. at 87 (explaining that a prosecutor's "suppression . . . of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment."). It appears that Petitioner alleges that the prosecutor deprived him of his rights articulated in *United States v. Stewart*, 246 F.3d 728

13

1  (D.C. Cir. 2001)[9] and *Bailey v. United States*, 516 U.S. 137 (1995).[10] Petitioner, asserting that he
2  did not employ firearms, relies on these cases to challenge his gun enhancement under section
3  12022(c) of the California Penal Code. Petr.'s Super. Crt. Pet. at 12.

4  The Due Process Clause of the Fourteenth Amendment requires the State to
5  disclose to criminal defendants favorable evidence that is material either to guilt or to
6  punishment. *Brady*, 373 U.S. at 83.  Evidence is material "only if there is a reasonable
7  probability that, had the evidence been disclosed to the defense, the result of the proceeding
8  would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable
9  probability" is a probability sufficient to undermine confidence in the outcome. *Id.* Moreover,
10 Petitioner's *Brady* challenge must satisfy three essential elements: "The evidence at issue must
11 be favorable to the accused, either because it is exculpatory, or because it is impeaching; that
12 evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice
13 must have ensued." *Banks v. Dretke*, 540 U.S. 668, 691, (2004) (*quoting Strickler v. Greene*, 527
14 U.S. 263, 281-82, (1999)). To constitute a due process violation, prosecutorial misconduct must
15 be "of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer
16 v. Miller*, 483 U.S. 756, 765 (1987) (quoting *United States v. Bagley*, 473 U.S. 667, 105 (1985)).

17 Petitioner's reliance on *Stewart* and *Bailey* is misplaced. Both *Stewart* and *Bailey*
18 address issues specific to violations of 18. U.S.C. § 924(c), a federal statute. Neither case
19 addresses section 12022(c) of the California Penal Code, to which Petitioner pled guilty.
20 Accordingly, these cases are inapplicable to Petitioner's gun enhancement and are not

---

[9] *Stewart* held that a defendant does not use a gun under 18 U.S.C. § 924(c) when he receives it during a drug transaction. *Stewart*, 246 F.3d at 731 ("The recipient has not employed the gun, availed himself of the gun, or derived any service from the gun by simply trading his drugs for it.").

[10] *Bailey* held that a conviction under 18 U.S.C. § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense . . . . '[U]se' must connote more than mere possession of a firearm by a person who commits a drug offense." *Bailey*, 516 U.S. at 143.

14

exculpatory or material to his defense. Therefore, appellate counsel did not render ineffective assistance of counsel because Petitioner's allegation of prosecutorial misconduct is baseless.

**4**

Petitioner also contends that appellate counsel rendered ineffective assistance by failing to seek sentencing under Proposition 36,[11] which was passed into law after he was sentenced in both *Olsen I* and *Olsen II*. Pet. at 31-32. Petitioner alleges that his appellate counsel "at the very least had an obligation to conduct an investigation into [its] qualifying guidelines." Traverse at 35.

Proposition 36 precludes probation for defendants, such as Petitioner, who have been convicted of manufacturing a controlled substance. Cal. Penal Code § 1210(a) ("The term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance."). Accordingly, Petitioner is ineligible for probation under Proposition 36, and therefore, was not prejudiced by appellate counsel's failure to investigate his eligibility for a probationary sentence.

///

In accordance with the above, IT IS HEREBY ORDERED that Petitioner's application for habeas corpus relief under § 2254 is denied.

///

DATED: February 28, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[11] Codified at California Penal Code § 1210 *et seq.* (2008), Proposition 36 allows qualifying defendants convicted of non-violent drug possession offenses to receive a probationary sentence in lieu of incarceration. Cal. Penal Code § 1210.1.